UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 23-CR-8

CHARLES DUCKSWORTH, JR, et al.,

    Defendants.

## ORDER

  Charles Ducksworth, Jr. is charged with the murder of a postal worker (and related crimes), as well as a drug offense. (ECF No. 23.) As recounted in prior hearings before the court, the government alleges that Ducksworth and a co-defendant targeted the postal worker because they believed he had interfered with the delivery of a package containing controlled substances. Ducksworth and his co-defendant obtained a car, removed its license plates, and followed the postal worker on his rounds. As darkness fell, Ducksworth's co-defendant got out of the car, approached the postal worker, and executed him by shooting him in the back of the head at close range. The two then fled, stopping to toss the gun in a river before returning the car and replacing the license plates.

The government moved for detention and Ducksworth initially did not argue for release. In light of the presumption of detention and Ducksworth's failure to present any argument to rebut it, the court ordered him detained pending trial. (ECF No. 7); *see United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

On May 15, 2023, Ducksworth moved for release on bond. (ECF No. 42.) The court held a hearing on May 26, 2023, at which Ducksworth argued that release was appropriate in large part because his medical needs regarding his sickle cell trait were not being met in the jail. (ECF No. 46.) The court denied Ducksworth's motion and ordered that detention continue. (ECF No. 46.)

Ducksworth has now filed a second motion for bond. (ECF No. 48.) He states: "This request is predicated upon the medical condition of the defendant who has Sickle Cell Trait. His condition has gone untreated despite numerous requests to the medical staff providing service to the Waukesha County Jail." (ECF No. 48.)

The court can reopen a detention hearing only if the defendant presents new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). While Ducksworth is entitled to adequate medical care, *see Pittman v. Cty. of Madison*, 970 F.3d 823, 827 (7th Cir. 2020), the alleged insufficiency of his care is not material to his risk of non-appearance or the danger he poses to the community, *see, e.g., United States v. Terrone*,

454 F. Supp. 3d 1009, 1017 (D. Nev. 2020) (discussing *United States v. Adams*, 2019 U.S. Dist. LEXIS 114433, 2019 WL 3037042, at *2 (D. Ore. Jul. 10, 2019)). In other words, the court cannot release a clearly dangerous person simply because he alleges (or even may be able to prove) that he is not receiving adequate medical care in jail. The allegation that he is not receiving adequate medical care in jail does not mitigate the danger that Ducksworth poses to the community if released. The problem of the adequacy of jail medical care must be addressed through means other than release under 18 U.S.C. § 3142(c).

**IT IS THEREFORE ORDERED** that Charles Ducksworth, Jr.'s second motion for bond (ECF No. 48) is denied.

Dated at Milwaukee, Wisconsin this 14th day of July, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge