UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

| | |
|---|---|
| DATE: | November 18, 2026 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 23-cr-08 |
| CASE NAME: | United States of America v. Charles Ducksworth |
| NATURE OF HEARING: | Sentencing |
| APPEARANCES: | Margaret Honrath – Attorney for the government<br>Abbey Marzick – Attorney for the government<br>Michael Chernin – Attorney for the defendant<br>Charles Ducksworth – Defendant<br>Daniel Dragolovich – U.S. Probation Officer |
| COURT REPORTER: | Jennifer Stake |
| COURTROOM DEPUTY: | Justin Dreikosen |
| TIME: | 10:02 a.m. – 11:39 a.m. |

The defendant had pled guilty to Counts One (second-degree murder) and Two (discharge of a firearm in furtherance of a crime of violence) of the information.

The court listed the relevant sentencing documents and confirmed that defense counsel had reviewed those documents with the defendant and that the prosecutor had reviewed them.

The court explained to the defendant that the Sentencing Guidelines calculations were advisory, but that the law required the court to calculate them and then consider them along with the §3553 factors.

Defense counsel offered several corrections to the revised PSR:

- ¶102: the defendant's half-sister Brianna is 32 (not 34, as the PSR states).
- ¶110: the defendant cannot take Tylenol and ibuprofen because of his medical condition; he is allergic to those medications.
- ¶120: The defendant achieved his HSED on April 28, 202**4** (not 2026).

Defense counsel acknowledged that none of these corrections would affect the court's calculations of the sentencing guidelines.

The court made the following findings as to the offense level:

Count One (second-degree murder)
Base offense level: 38, §2A1.2(a)
Objection(s): ☐ Yes ☒ No
Enhancements: 6 levels, §3A1.2(b) (victim was government employee and crime was based on that status)
Objection(s): ☐ Yes ☒ No
Adjusted offense level: 44
Objection(s): ☐ Yes ☒ No

Acceptance of Responsibility
Reduction: 2 level(s), §3E1.1(a) (acceptance)
Reduction: 1 level(s), §3E1.1(b) (timeliness)

Adjusted Total Offense Level: 41
Objection(s): ☐ Yes ☒ No

Count Two (discharge of a firearm in furtherance of a crime of violence)
The guidelines for a violation of 18 U.S.C. §924(c)(1)(A)(iii) is USSG §2K2.4. The guideline sentence is the term of imprisonment required by statute. The guideline range is 120 months, the mandatory minimum sentence required by statute.

The court made the following findings regarding the criminal history category:

Criminal history points: 1, yielding a criminal history category of I.
Objections: ☐ Yes ☒ No

The court found that the adjusted offense level of 41 in criminal history category I resulted in an advisory sentencing range of 324 to 405 months.
Objections: ☐ Yes ☒ No

The court added the mandatory minimum, consecutive sentence of 120 months for the §924(c) count charged in Count Two of the indictment to the low and high ends of the advisory sentencing range for Count One of the indictment (324 to 405 months) resulting in a total advisory sentencing range of 444 to 525 months with a statutory floor of 120 months (ten years).

The victim’s wife provided prepared remarks, which were read by a close friend.

Mr. Rudy Polk, Mr. Cross's friend and co-worker, provided remarks on behalf of the victim.

Government's recommended sentence: 198 months (sixteen and a half years' imprisonment), followed by five years of supervised release.
Defendant's recommended sentence: At one point in the hearing, defense counsel recommended eleven and a half years; in his final sentencing remarks, he recommended fourteen years' imprisonment.

Defendant's judgment request(s): That the court recommend that the BOP place the defendant in a medical facility due to the defendant's medical condition, or if placement in a medical facility is not available, that the BOP place the defendant in a facility as located as close to the Eastern District of Wisconsin as possible; and that the Bureau of Prisons place the defendant in a facility that offers the Residential Drug Abuse Program (RDAP). The court stated it would make those recommendations and would recommend that the Bureau of Prisons give the defendant credit for any time served in federal custody prior to the date of sentencing.

The court imposed a sentence of: **Seventy-eight (78) months' imprisonment on Count One of the information and 120 months on Count Two of the information, to run consecutively to the 78-month term imposed on Count One of the information for a total term of 198 months' (sixteen and a half years') imprisonment.**

Supervised Release: **Five (5) years of supervised release on Count One of the information and five (5) years of supervised release on Count Two of the information, to run concurrently with the five-year term imposed on Count One of the information, for a total term of five (5) years of supervised release.**

Special Assessment: **$200**

Fine: **None**

Restitution: **$511,969.00, jointly and severally with co-defendant Kevin McCaa**. **The clerk's office must apply the $2,282.00 recovered from 18XX North 13th Street in Milwaukee, Wisconsin on December 27, 2022 toward that restitution balance.**

The court thanked those who had come today to be in the courtroom and support the victim and the defendant.

The defendant did not object to any of the proposed conditions listed at the end of his presentence investigation report. The court imposed those conditions of supervised release, which the judgment will reflect.

Defendant in custody: ☒ Yes☐ No

The court reminded the defendant that he had waived his right to appeal. It advised him that there were limited exceptions to that waiver and urged him to discuss those exceptions with his attorney. The court explained that the defendant had a limited time in which to appeal—fourteen days—and advised the defendant to speak to his attorney sooner rather than later.

The court will enter judgment reflecting the above sentence.

The court **GRANTS** the government's motion. Dkt. No. 246.

The court **ORDERS** that the indictment is **DISMISSED AS TO CHARLES DUCKSWORTH ONLY** on the oral motion of the United States.

Dated in Milwaukee, Wisconsin this 18th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**